UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CHARLES MAILE,

        Petitioner,

                                            CASE NO. 04-CV-74806-DT
v.                                     HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

Petitioner has filed a notice of appeal concerning the Court's denial of his federal habeas petition. He requested additional time in which to file a motion for a certificate of appealability, which the Court granted on March 9, 2006 giving Petitioner an additional 30 days in which to file his motion. Petitioner has failed to file his motion. Because Petitioner has filed a notice of appeal, however, the Court shall make a certificate of appealability ruling.[1]

This Court denied Petitioner's habeas claims on their merits. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this

---

[1]This Court has previously expressed its dissatisfaction with the certificate of appealability process in *Bradley v. Birkett*, No. 03-CV-70740 (Jan. 27, 2006) (opinion and order granting a certificate of appealability), and need not repeat it here.

standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Petitioner first asserts that the Michigan Parole Board's application of its "life means life" policy, to routinely denies parole release to individuals serving life sentences, violates the *Ex Post Facto* Clause. There is no federal constitutional right to parole. *See, Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Michigan law does not create a liberty interest in parole. *See Glover v. Michigan Parole Bd.*, 460 Mich. 511, 596 N.W.2d 598, 603-04 (1999); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). Neither the 1992 amendments to the Michigan parole statute, nor the fact that the composition of the Michigan Parole Board has changed and that the current Parole Board has adopted a policy of granting early release less frequently to inmates serving parolable life sentences violate the *Ex Post Facto* Clause. *See Shabazz v. Gabry,* 123 F.3d 909, 915 (6th Cir. 1997); *see also California Dep't. of Corr. v. Morales,* 514 U.S. 499, 506, n. 3 (1995). The Court thus concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to these issues. A certificate of appealability is not warranted on this claim.

Petitioner also asserts that the trial court violated his due process rights when it imposed a life sentence with an erroneous expectation that he would be eligible for parole and released within 10 to 20 years. The United States Supreme Court, however, has held that a judge "has no enforceable expectations with respect to the actual release of a sentenced defendant short of his

statutory term." *United States v. Addonizio*, 442 U.S. 178, 190 (1979); *see also Foster-Bey v. Rubitschun, et al.*, No. 05-71318, 2005 WL 2010181, *6 (E.D. Mich. Aug. 18, 2005). Petitioner has not made a substantial showing of the denial of a constitutional right as to this issue. A certificate of appealability is not warranted on this claim.

    For the reasons stated, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

                        s/Arthur J. Tarnow  
                        Arthur J. Tarnow  
                        United States District Judge

Dated: May 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 17, 2006, by electronic and/or ordinary mail.

                        s/Catherine A. Pickles  
                        Judicial Secretary